IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHNNY L. CALDERWOOD, JR.,

                Plaintiff,           Case No. 3:04 CV 7765

-vs-

                                          MEMORANDUM OPINION
OMNISOURCE CORP.,                          AND ORDER

                Defendant.

KATZ, J.

Plaintiff moves for an order declaring that he need not return Document 486 ("the document") to Defendant. (Doc. No. 76). Though more than three weeks have elapsed, Defendant has not responded to Plaintiff's motion. Defendant's desire to reclaim the document, which it disclosed to Plaintiff on March 31, 2005, is apparently based on attorney-client privilege. The Court finds that even if the document was inadvertently disclosed, Defendant has not shown it is privileged. Moreover, even if the document was privileged and inadvertently disclosed, Plaintiff's use of it in two different public fora, with Defendant's knowledge, during the roughly ten month period since Defendant learned of the document's disclosure, amounts to waiver of any privilege. Plaintiff's motion is granted.

Unless it is waived, the attorney-client privilege protects the confidential communications a client makes to his attorney for the purpose of seeking legal advice. *Fausek v. White*, 965 F.2d 126, 129 (6th Cir. 1992). "The burden of establishing the existence of the privilege rests with the person asserting it." *In re Grand Jury Investigation No. 83-2-35*, 723 F.2d 447, 450 (6th Cir.

1983). "[W]hen a party [voluntarily] reveals specific privileged communications, that party waives the privilege as to all communications on the same subject matter." *United States v. Skeddle*, 989 F. Supp. 905, 908 (N.D. Ohio 1997). "When a producing party claims inadvertent disclosure, it has the burden of proving that the disclosure was truly inadvertent and that the attorney/client privilege has not been waived." *Edwards v. Whitaker*, 868 F. Supp. 226, 228 (M.D. Tenn. 1994). Where a producing party fails to object or seek to rectify an "inadvertent disclosure" promptly after learning of it, courts generally find the party has waived the privilege. *See, e.g.*, *F.C. Cycles Int'l v. Fila Sport, S.p.A.*, 184 F.R.D. 64, 73-74, 78 (D. Md. 1998) (finding waiver where the disclosed document was used without objection in two depositions eleven months apart).

At the outset, the Court notes that Defendant, by declining to respond to Plaintiff's motion, has failed to meet its burden to set forth specific facts showing that the document was ever privileged. Plaintiff is correct that the document's appearance is at least as consistent with a client's private notes as with a privileged communication. Put simply, Defendant has produced nothing to show that the document represents "communications" between an attorney and a client, or anyone else.

In any event, the Defendant did nothing to assert its privilege or reclaim the document for roughly ten months, during which the Plaintiff used the document in several ways, all with Defendant's knowledge. Plaintiff expressly asked the Defendant to identify the document's author in an interrogatory, which Defendant did, without objection. Plaintiff made the document part of the public record in proceedings before the Ohio Court of Appeals and the Ohio Bureau of Workers' Compensation. This waived any privilege that attached to the document. As the court in

*F.C. Cycles* aptly wrote, "[t]he defendant's 'Johnny come lately' assertion of inadvertence is simply not enough to convince this Court that it intended to maintain the memorandum's privilege." *F.C. Cycles*, 184 F.R.D. at 74.

For the preceding reasons, the Plaintiff's motion for an order (Doc. 76) is granted. Plaintiff need not return Document 486 to Defendant, and is entitled to discovery as to all communications on the same subject matter.

IT IS SO ORDERED.

               s/ *David A. Katz*
               DAVID A. KATZ
               SENIOR U. S. DISTRICT JUDGE