IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHNNY L. CALDERWOOD, JR.,

                Plaintiff,                Case No. 3:04 CV 7765

-vs-

                                       MEMORANDUM   OPINION

OMNISOURCE CORP.,                         AND   ORDER

                Defendant.

KATZ, J.

Plaintiff moves for an order declaring that he need not return Document 486 ("the document") to Defendant. (Doc. No. 87). Also before the Court is the Defendant's memorandum in opposition (Doc. No. 91) and Plaintiff's reply (Doc. No. 96) thereto.

Defendant's desire to reclaim the document, which it disclosed to Plaintiff on March 31, 2005, is apparently based on attorney-client privilege. The Court finds that even if the document was inadvertently disclosed, Defendant has not shown it is privileged. Moreover, even if the document was privileged and inadvertently disclosed, Plaintiff's use of it in two different public fora, with Defendant's knowledge, during the roughly ten month period since Defendant learned of the document's disclosure, amounts to waiver of any privilege. Plaintiff's motion is granted.

Unless it is waived, the attorney-client privilege protects the confidential communications a client makes to his attorney for the purpose of seeking legal advice. *Fausek v. White*, 965 F.2d 126, 129 (6th Cir. 1992). "The burden of establishing the existence of the privilege rests with the person asserting it." *In re Grand Jury Investigation No. 83-2-35*, 723 F.2d 447, 450 (6th Cir.

1983). "[W]hen a party [voluntarily] reveals specific privileged communications, that party waives the privilege as to all communications on the same subject matter." *United States v. Skeddle*, 989 F. Supp. 905, 908 (N.D. Ohio 1997). "When a producing party claims inadvertent disclosure, it has the burden of proving that the disclosure was truly inadvertent and that the attorney/client privilege has not been waived." *Edwards v. Whitaker*, 868 F. Supp. 226, 228 (M.D. Tenn. 1994). Where a producing party fails to object or seek to rectify an "inadvertent disclosure" promptly after learning of it, courts generally find the party has waived the privilege. *See, e.g.*, *F.C. Cycles Int'l v. Fila Sport, S.p.A.*, 184 F.R.D. 64, 73-74, 78 (D. Md. 1998) (finding waiver where the disclosed document was used without objection in two depositions eleven months apart).

In this instance, the Defendant claims that the entry of a stipulated protective order addresses such an inadvertent disclosure and requires return of Document 486. However, the Defendant's contention is unavailing for two reasons. First, after the initial disclosure in March 2005, the Plaintiff filed the document with the Ohio Bureau of Workers' Compensation in a proceeding regarding Plaintiff's eligibility for benefits in May 2005. Contemporaneous with that filing, Plaintiff's counsel served a copy of the memorandum on Defendant's counsel and no objection was raised by the Defendant.

Subsequently, in July 2005 and in response to Plaintiff's request for the author of Document 486, the Defendant identified Krista Sziros, Defendant's Human Resource Manager, as the author of the document but did not raise any objections to possession of the document nor did the Defendant raise the issue of privilege at that time.

On August 19, 2005, this Court approved a stipulated protective order which states in pertinent part:

[T]he inadvertent disclosure or production by any party of any document protected by the attorney-client or other privilege or by the attorney work product doctrine shall not constitute, be construed as, or have the effect of a waiver of such privilege or protection.

(Doc. No. 40, ¶ 5.)

However, the protective order does not contain a provision making any inadvertent disclosure retroactive but is instead prospective in nature. In any event, the Defendant did nothing to assert its privilege or reclaim the document for roughly ten months, during which the Plaintiff used the document in several ways, all with Defendant's knowledge. Plaintiff expressly asked the Defendant to identify the document's author in an interrogatory, which Defendant did, without objection. Plaintiff made the document part of the public record in proceedings before the Ohio Court of Appeals and the Ohio Bureau of Workers' Compensation. This waived any privilege that attached to the document. As the court in *F.C. Cycles* aptly wrote, "[t]he defendant's 'Johnny come lately' assertion of inadvertence is simply not enough to convince this Court that it intended to maintain the memorandum's privilege." *F.C. Cycles*, 184 F.R.D. at 74.

For the preceding reasons, the Plaintiff's motion for an order (Doc. 87) is granted. Plaintiff need not return Document 486 to Defendant, and is entitled to discovery as to all communications on the same subject matter.

IT IS SO ORDERED.

    s/ *David A. Katz*  
    DAVID A. KATZ  
    SENIOR U. S. DISTRICT JUDGE